IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| COLEY BRIGGS | * | |
|     Plaintiff, | | |
|     v. | * | CIVIL ACTION NO. PJM-05-2944 |
| MAJOR TYRONE CROWDER | * | |
|     Defendant. | | |
| | *** | |

**MEMORANDUM OPINION**

This civil rights action alleges excessive use of force in violation of the Eighth Amendment. Pending is Defendant's unopposed Motion to Dismiss or for Summary Judgment. Paper No. 7. After review of the Complaint and pleadings, the Court concludes that an oral hearing is unnecessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons set forth below, Defendant's Motion, construed as a Motion for Summary Judgment, shall be granted.

**Background**

Plaintiff alleges that while confined at the Maryland Correctional Adjustment Center ("MCAC"), Defendant cursed at him and punched him in the face for no reason. Paper No. 1 at 4. He asks for punitive damages and a transfer to a mental institution or federal facility so that he can receive psychological treatment. *Id*.

Defendant Crowder[1] has filed, as exhibits, his declaration and records from Plaintiff's base and medical files. Paper No. 7 at Ex. 1. Defendant argues that he is entitled to judgment in his favor based upon the following unrefuted information.

Plaintiff was transferred to MCAC on or about March 17, 2005. His medical records show he has a history of schizophrenia; displays angry, verbal behavior; is a threat to himself and others; and is to be monitored closely. *Id.* On March 31, 2005, Plaintiff assaulted an MCAC officer,

---

[1] According to Division of Correction Information Bulletin #31-06, on June 21, 2006, Crowder was appointed Chief of Security at MCAC. He is now the Acting Assistant Warden at that prison.

refused to comply with breakout procedures, and was shot twice by a taser gun. Paper No. 7 at Ex. 1. He was brought to the MCAC dispensary, where the taser darts were removed. *Id*. The wounds were found to be consistent with the use of taser darts and treated. *Id*. Plaintiff was subsequently placed in isolation confinement by Major Hansen and Defendant Crowder due to his disruptive behavior. *Id*. He was released early the following morning after being seen by the psychology department and monitored hourly. *Id*.

Defendant Crowder maintains that Plaintiff's claims are false and denies cursing or assaulting Plaintiff. *Id*. He maintains that had such an incident occurred it "would have been noted on the record of isolation confinement" and Plaintiff would have been sent to the dispensary. *Id*., Ex. 1.

### Standard of Review

Fed. R. Civ. P. 56(c) provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc*., 346 F.3d

2

514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

**Analysis**

Whether force used by prison officials was excessive is determined by inquiring if "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U. S. 1, 6-7 (1992). The court must look at: the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. *See Whitley v. Albers,* 475 U. S. 312, 321 (1986). Inherent in the protection afforded by the Eighth Amendment is the principle that not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9-10. Further, while the prisoner's injury need not be significant to violate the Eighth Amendment, something more than a *de minimis* injury is required in order to prove that excessive force was used. *See Norman v. Taylor*, 25 F.3d 1259, 1263 (4th Cir.

1994) (en banc) (generally, no Eighth Amendment excessive force claim exists where any injury sustained by the plaintiff is *de minimis* and the force is not of a source "repugnant to the conscience of mankind").[2]

Plaintiff offers no rebuttal evidence to Defendant's verified exhibits and declarations to show that the alleged incident did in fact occur. He has completely failed to project evidence supporting his claim that he was assaulted. Further, Plaintiff has never claimed he suffered any injury from the alleged assault, that he presented complaints or made sick-call requests regarding those injuries, and that he received medical care for those injuries or was denied access to same. Having found no genuine dispute of material fact justifying a trial on the merits in this case, the Court shall grant Defendant's Motion for Summary Judgment by separate Order.


Date:  4/17/07                                             /s/
                                                PETER J. MESSITTE
                                                UNITED STATES DISTRICT JUDGE

---

[2] When determining whether injuries suffered by an inmate at the hands of prison officers are *de minimis*, a court should consider: (1) the context in which the injuries were sustained, *i.e.,* was there a disturbance which required the use of force; (2) did the inmate seek medical care; (3) were any injuries documented in the medical records generated shortly after the incident; and (4) are the documented injuries consistent with the prisoner's allegations of excessive force or are they more consistent with the application of the amount of force necessary under the circumstances of the particular incident. *See Taylor v. McDuffie*, 155 F.3d 479, 484 (4th Cir. 1998); *Stanley v. Hejirika*, 134 F.3d 629, 634 (4th Cir. 1998); *Riley v. Dorton*, 115 F.3d 1159, 1168 (4th Cir. 1997); and *Norman*, 25 F.3d at 1264.